IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| STATE OF TEXAS<br>    *Plaintiff*<br>v.<br><br>GALVESTON INDEPENDENT SCHOOL DISTRICT, ANTHONY BROWN, in his official capacity as GALVESTON ISD President, JOHNNY SMECCA, in his official capacity as GALVESTON ISD Vice President, ELIZABETH BEETON, in her official capacity as GALVESTON ISD Trustee, DAVID H. O'NEAL, JR. in his official capacity as GALVESTON ISD Trustee, ANN MASEL, in her official capacity as GALVESTON ISD Trustee, MINDY LAKIN, in her official capacity as GALVESTON ISD Trustee, and JUSTIN TUCKER, in his official capacity as GALVESTON ISD Trustee<br>    *Defendants* | Civil Action No. 3:25-cv-_____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Galveston Independent School District, Anthony Brown, Johnny Smecca, Elizabeth Beeton, David H. O'Neal, Jr., Ann Masel, Mindy Lakin, and Justin Tucker file this Notice of Removal.

### I.
### PROCEDURAL HISTORY

1. On November 7, 2025, Plaintiff State of Texas filed a lawsuit asserting ultra vires claims against Galveston ISD and each member of the Galveston ISD Board of Trustees in their official capacities based on the Defendant's decision not to post the Ten Commandments in every classroom until a ruling from the Fifth Circuit regarding the constitutionality of Texas Senate Bill 10. Cause No. 25-CV-2117, *State of Texas v. Galveston Independent School District, et. al.,* (the "State Court Lawsuit"). [*See* Appendix at Exhibit 1]. This case is currently pending in the 122nd Judicial District

1

Court of Galveston County, Texas, located at 600 59th Street, Suite 3305, Galveston, Texas, 77571.

2. On November 13, 2025, Plaintiff emailed citations of service for each Defendant to Defendants' counsel.  [*Id.* at Exhibit 2].

## II.
### GROUNDS FOR REMOVAL

3. Defendants remove this case on the basis of federal question jurisdiction in accordance with 28 U.S.C. §§ 1331, 1441(a), and 1446.

4. Each Defendant consents to removal of this action.  *See* 28 U.S.C. § 1446(b)(2)(A).

5. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because it is being filed less than 30 days after receipt of the petition.  Defendants received a copy of the State Court Lawsuit on November 7, 2024.

6. Federal question jurisdiction exists on the face of the State Court Lawsuit because Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808–10 (1986); *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

7. Two District Courts in the Western District of Texas have found Texas Senate Bill 10—the subject matter of the instant lawsuit—likely unconstitutional.  *See Cribbs Ringer v. Comal Indep. Sch. Dist.*, 5:25-cv-1181, ECF No. 68 (W.D. Tex. Nov. 18, 2025); *Nathan v. Alamo Heights Indep. Sch. Dist.*, ---F. Supp. 3d---, 2025 WL 2417589 (W.D. Tex. Aug. 20, 2025).  Both courts signed orders prohibiting the school districts from posting the Ten Commandments. The Fifth Circuit ordered hearing en banc to consider and determine the same issue.  *See Nathan v. Alamo Heights Indep. Sch. Dist.*, ---F.4th---, 2025 WL 3018244 (5th Cir. Oct. 28, 2025).  The Fifth Circuit also opted to hear the en banc appeal of *Nathan* in consolidation with *Roake v. Brumley*, a case involving a nearly identical statute in Louisiana.  *See id.*  The Fifth Circuit's decision will necessarily involve questions of federal law, including interpretation of U.S. Supreme Court decisions, such as *Stone v. Graham*, 449 U.S. 39 (1980)

and *Van Orden v. Perry*, 545 U.S. 677 (2005). Oral argument at the Fifth Circuit is set for January 20, 2026.

8. Defendants are also entitled to remove any claims in the State Court Lawsuit arising under state law because, in any civil action in which the district court has original jurisdiction, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). As noted above, Plaintiff's ability to prevail on its state law claims necessarily depends on resolution of a substantial question of federal law—*i.e.*, whether Senate Bill 10 violates the United States Constitution. Consequently, the claims are so related and identical that they form part of the same case or controversy, and the exercise of supplemental jurisdiction under § 1367 is proper.

9. Venue is proper in the Southern District of Texas Galveston Division under 28 U.S.C. § 1441(a) because the state court where the suit is pending is located in this District and Division.

10. Defendants will promptly file a copy of this Notice of Removal, as an attachment to a Notice of Filing of Notice of Removal, with the clerk of the state court where the action has been pending.

### III.
### STATE COURT FILINGS

11. In accordance with 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, copies of the following items are attached to this Notice: (1) all executed process in the case, if any; (2) pleadings asserting causes of action and all answers to such pleadings; (3) all orders signed by the state judge, if any; (4) the docket sheet; (5) an index of matters being filed; and (6) a list of all counsel of record, including addresses, telephone numbers, bar numbers, and parties represented. *See* Appendix.

## IV.
### CONCLUSION

12. Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of the Defendant's rights to assert any defenses to Plaintiff's causes of action or grounds for removal.

13. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

14. Because Plaintiff asserts claims in the Petition which necessarily depend on resolution of a substantial question of federal law, the Defendants Galveston ISD, Anthony Brown, Johnny Smecca, Elizabeth Beeton, David H. O'Neal, Jr., Ann Masel, Mindy Lakin, and Justin Tucker request that this matter be removed to federal court, and pray that they be awarded all such other and further relief to which they have shown themselves entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ *Celena C. Vinson*
Celena C. Vinson, Attorney-in-Charge
State Bar No. 24037651
Southern District of Texas No. 2220428
cvinson@thompsonhorton.com
Stephanie A. Hamm
State Bar No. 24069841
Southern District of Texas No. 108779
shamm@thompsonhorton.com
Phillip Ericksen
State Bar No. 24137378
Southern District of Texas No. 3896037
pericksen@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6742
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANTS GALVESTON ISD, ANTHONY BROWN, JOHNNY SMECCA, ELIZABETH BEETON, DAVID H. O'NEAL, JR., ANN MASEL, MINDY LAKIN, AND JUSTIN TUCKER**

## CERTIFICATE OF SERVICE

On November 20, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Celena C. Vinson*
Celena C. Vinson

4932-9468-5819, v. 1