# Exhibit 2

Galveston ISD
084902

| | |
|---|---|
| STUDENT RIGHTS AND RESPONSIBILITIES | FNA |
| STUDENT EXPRESSION | (LEGAL) |

| | |
|---|---|
| **First Amendment** | A district shall take no action respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition a board for a redress of grievances. *U.S. Const. Amend. I* |
| Freedom of Speech | Students do not shed their constitutional rights to freedom of speech or expression at the schoolhouse gate. At school and school events, students have First Amendment rights, applied in light of the special characteristics of the school environment. |
| | Student expression that is protected by the First Amendment may not be prohibited absent a showing that the expression will materially and substantially interfere with the operation of the school or the rights of others. |
| | *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) [See also FNCI] |
| | The special characteristics of the school environment and the governmental interest in stopping student drug abuse allow a district to restrict student expression that it reasonably regards as promoting illegal drug use. *Morse v. Frederick*, 551 U.S. 393 (2007) |
| | When a student threatens violence against a student body, such specific threatening speech to a school or its population is unprotected by the First Amendment: school officials may punish such speech without first collecting evidence sufficient to prove a reasonable belief that disruption would occur as a result of the speech. *Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765 (5th Cir. 2007) |
| | The inculcation of fundamental values necessary to the maintenance of a democratic society is part of the work of the school. The First Amendment does not prevent school officials from determining that particular student expression is vulgar and lewd, and therefore contrary to the school's basic educational mission. *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675 (1986) |
| | Public schools may have a special interest in regulating some off-campus student speech, however, the interest must be sufficient to overcome the student's interest in free expression. Circumstances that may implicate a school's regulatory interests include serious or severe bullying or harassment targeting particular individuals; threats aimed at teachers or other students; the failure to follow rules concerning lessons, the writing of papers, the use of computers, or participation in other online school activities; and breaches of school security devices. *Mahanoy Area School District v. B.L*, 141 S.Ct. 2038 (2021) |

| | |
|---|---|
| *Prayer at School Activities* | A public school student has an absolute right to individually, voluntarily, and silently pray or meditate in school in a manner that does not disrupt the instructional or other activities of the school. A student shall not be required, encouraged, or coerced to engage in or refrain from such prayer or meditation during any school activity. *Education Code 25.901* |
| | Nothing in the Constitution as interpreted by the U.S. Supreme Court prohibits any public school student from voluntarily praying at any time before, during, or after the school day. But the religious liberty protected by the Constitution is abridged when a district affirmatively sponsors the particular religious practice of prayer. |
| | A district shall not adopt a policy that establishes an improper majoritarian election on religion and has the purpose and creates the perception of encouraging the delivery of prayer at a series of important school events. |
| | <u>*Santa Fe Indep. Sch. Dist. v. Doe*</u>, 530 U.S. 290 (2000) (addressing school-sponsored, student-led prayer delivered over the public address system at high school football games) [For invocations and benedictions at commencement, see FMH.] |
| *Federal Funds* | As a condition of receiving federal funds under the Elementary and Secondary Education Act (ESEA), a district shall certify in writing to the Texas Education Agency (TEA) that no policy of the district prevents, or otherwise denies participation in, constitutionally protected prayer in public schools, as detailed in the guidance from the United States secretary of education regarding constitutionally protected prayer. The certification shall be provided by October 1 of each year. |
| | By November 1 of each year, TEA shall report to the secretary a list of districts that have not filed the certification or against which complaints have been made to TEA that the district is not in compliance with this section. The secretary may issue and secure compliance with rules or orders with respect to a district that fails to certify, or is found to have certified in bad faith, that no policy of the district prevents, or otherwise denies participation in, constitutionally protected prayer in public schools. |
| | *20 U.S.C. 7904* |
| **Expression of Religious Viewpoints** | A district shall treat a student's voluntary expression of a religious viewpoint, if any, on an otherwise permissible subject in the same manner the district treats a student's voluntary expression of a secular or other viewpoint on an otherwise permissible subject and may not discriminate against the student based on a religious view- |

point expressed by the student on an otherwise permissible subject. *Education Code 25.151*

Policies

A district shall adopt and implement a local policy regarding a limited public forum and voluntary student expression of religious viewpoints. If a district voluntarily adopts and follows the model policy governing voluntary religious expression in public schools at Education Code 25.156, the district is in compliance with the provisions of Education Code Chapter 25, Subchapter E covered by the model policy.

A district shall adopt a policy that includes the establishment of a limited public forum for student speakers at all school events at which a student is to publicly speak. The policy regarding the limited public forum must also require a district to:

1. Provide the forum in a manner that does not discriminate against a student's voluntary expression of a religious viewpoint, if any, on an otherwise permissible subject;

2. Provide a method, based on neutral criteria, for the selection of student speakers at school events and graduation ceremonies;

3. Ensure that a student speaker does not engage in obscene, vulgar, offensively lewd, or indecent speech; and

4. State, in writing, orally, or both, that the student's speech does not reflect the endorsement, sponsorship, position, or expression of the district.

Student expression on an otherwise permissible subject may not be excluded from the limited public forum because the subject is expressed from a religious viewpoint.

Disclaimer

The disclaimer required by item 4, above, must be provided at all graduation ceremonies. A district must continue to provide the disclaimer at any other event in which a student speaks publicly for as long as a need exists to dispel confusion over the district's non-sponsorship of the student's speech.

*Education Code 25.152, .155*

Class Assignments

Students may express their beliefs about religion in homework, artwork, and other written and oral assignments free from discrimination based on the religious content of their submissions. Homework and classroom assignments must be judged by ordinary academic standards of substance and relevance and against other legitimate pedagogical concerns identified by a district. Students may not be

penalized or rewarded on account of the religious content of their work. *Education Code 25.153*

[For information on the study of religion, see EMI. For information on student religious groups and activities, see FNAB.]

**Patriotic Observances**

A district may officially encourage students to express love for the United States by reciting historical documents or singing official anthems that contain religious references; such patriotic or ceremonial occasions do not constitute a school-sponsored religious exercise. *Engel v. Vitale*, 370 U.S. 421 (1962)

A district shall not, however, compel students to participate in patriotic observances. *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943) *(holding unconstitutional a requirement that students salute the United States flag and recite the Pledge of Allegiance)*

[See EC for more information regarding the pledge of allegiance.]

**Winter Celebrations**

A district may educate students about the history of traditional winter celebrations, and allow students and district staff to offer traditional greetings regarding the celebrations, including:

1. "Merry Christmas";

2. "Happy Hanukkah"; and

3. "Happy holidays."

A district may display on school property scenes or symbols associated with traditional winter celebrations, including a menorah or a Christmas image such as a nativity scene or Christmas tree, if the display includes a scene or symbol of more than one religion or one religion and at least one secular scene or symbol.

A display relating to a traditional winter celebration may not include a message that encourages adherence to a particular religious belief.

*Education Code 29.920*