# Exhibit 1

```
 1                UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                    SAN ANTONIO DIVISION

 3  RABBI MARA NATHAN, ON BEHALF OF  )
    HERSELF AND ON BEHALF OF HER     )
 4  MINOR CHILD, M.N., ET AL,        )
                                     )
 5       Plaintiffs,                 )
                                     )
 6       v.                          )  Docket No. 5:25-cv-00756-FB
                                     )
 7  ALAMO HEIGHTS INDEPENDENT        )  San Antonio, Texas
    SCHOOL DISTRICT, ET AL,          )  August 15, 2025
 8                                   )
         Defendants.                 )
 9  _____)

10              TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE FRED BIERY
11               UNITED STATES DISTRICT JUDGE

12  A P P E A R A N C E S:

13  FOR THE PLAINTIFFS:
    Jonathan K. Youngwood
14  Kristen Crow
    Janet A. Gochman
15  Simpson Thacher & Barlett, LLP
    425 Lexington Avenue
16  New York, NY 10017

17  Heather L. Weaver
    Americans United for Separation of Church
18  915 15th St. NW, Suite 600
    Washington, DC  20005
19
    V. Noah Gimbel
20  Jordan Ti Krieger
    Simpson Thacher & Bartlett LLP
21  900 G St. NW
    Washington, DC 20001
22
    FOR THE DEFENDANTS:
23  William Howard Farrell
    Daniel Ortner
24  Texas Office of Attorney General
    209 W. 14th Street
25  Austin, TX 78701
```

```
 1  FOR DEFENDANT AUSTIN INDEPENDENT SCHOOL DISTRICT:
    Stephanie Anne Hamm
 2  Thompson & Horton LLP
    3200 Southwest Freeway, Suite 2000
 3  Houston, TX 77027

 4  COURT REPORTER:
    Chris Poage, CRR, RMR
 5  United States Court Reporter
    262 West Nueva Street, Rm. 1-426
 6  San Antonio, TX  78207
    Telephone:  (210) 244-5036
 7  chris_poage@txwd.uscourts.gov

 8  Proceedings reported by stenotype, transcript produced by
    computer-aided transcription.
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

 1  any S.B. 10-compliant display in any of their classrooms.  So
 2  the Fifth Circuit, Supreme Court has also said this is not
 3  sufficient for standing purposes.  There has to be an actual
 4  injury, or it has to be imminently -- it has to occur
 5  imminently.  We don't even have any evidence of imminence, as
 6  of we sit here today.
 7          THE COURT:  And Mr. Youngwood may have -- may have
 8  spoken to it.  But did Brumley address standing and ripeness at
 9  the Fifth Circuit?
10          MR. FARRELL:  Brumley addressed standing and ripeness.
11  And I think that the difference between Brumley and this case
12  is the statute in Louisiana required -- I don't have the exact
13  name right.  But it's basically Louisiana's board of education.
14  It required them to promulgate rules around the displays and
15  the requirement of how the displays were going to be put up in
16  classrooms.
17     S.B. 10 does not have that same provision for any school
18  district or other, you know, state agency to put them up in any
19  specific time.  Again, the statute goes into effect September
20  1.  But as Your Honor mentioned, there is no even enforcement
21  provision in S.B. 10.  So I'm not even sure if -- how it might
22  be enforced if a school chose not to display the
23  Ten Commandments.
24     So, you know, for those reasons, I don't think plaintiffs
25  can satisfy the standing or the ripeness because, as we sit

1 here today, the only injury alleged is too speculative to get
2 there.
3     And, finally, we have also alleged that plaintiffs have
4 failed to state a claim upon which relief can be granted
5 because they have brought a facial attack on S.B. 10.
6 Obviously, the burden of proving a facial attack is very high.
7 Supreme Court has said over and over that they intentionally
8 made it very difficult, mainly because facial attacks rely on
9 speculation and threaten to short-circuit the democratic
10 process, which is exactly what's going on here today.
11         THE COURT: All right. Very well. While you're
12 there, if you will speak to any objections to any of the
13 plaintiffs' exhibits.
14         MR. FARRELL: I think we have an agreement on all of
15 the exhibits, Your Honor, except for, I believe it's
16 Plaintiffs' 26.
17         MR. YOUNGWOOD: Yes. It's most of 26. It's -- Your
18 Honor, I can read them into the record, if that's useful. Hold
19 on.
20         THE COURT: All right. Go ahead.
21         MR. YOUNGWOOD: The ones that we're currently debating
22 would be 26A through 26AAA. They are effectively Mr. Krieger's
23 declaration, and it's ECF 50-33. And then there are two
24 others, Your Honor, which are 33 and 34, Plaintiffs' 33 and 34.
25 And as I said, they fall into two buckets. One is a number of

```
1                          -oOo-
2       I certify that the foregoing is a correct transcript from
3  the record of proceedings in the above-entitled matter.
4
5  Date:  8/15/2025        /s/ Chris Poage
                           United States Court Reporter
6                          262 West Nueva Street
                           San Antonio, TX   78207
7
```