IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS<br>*Plaintiff*<br><br>v.<br><br>GALVESTON INDEPENDENT<br>SCHOOL DISTRICT, ANTHONY<br>BROWN, in his official capacity as<br>GALVESTON ISD President, JOHNNY<br>SMECCA, in his official capacity as<br>GALVESTON ISD Vice President,<br>ELIZABETH BEETON, in her official<br>Capacity as GALVESTON ISD Trustee,<br>DAVID H. O'NEAL, JR., in his official<br>capacity as GALVESTON ISD Trustee,<br>ANN MASEL, in her official capacity as<br>GALVESTON ISD Trustee, MINDY<br>LAKIN, in her official capacity as<br>GALVESTON ISD Trustee, and JUSTIN<br>TUCKER, in his official capacity as<br>GALVESTON ISD Trustee<br>*Defendants* | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:25-cv-00378 |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION

Plaintiff's admission that "[t]he constitutionality of Senate Bill 10 is not determined" alone warrants dismissal of its claims. *See* Dkt. 11 at 4. That uncertainty is precisely why the Defendant Trustees voted to delay posting the Ten Commandments in Galveston ISD. Faced with unresolved constitutional questions surrounding S.B. 10, the Trustees acted within their discretion to avoid potentially violating the First Amendment rights of thousands of Galveston ISD students and employees.

1

While Plaintiff concedes the unsettled constitutional footing of S.B. 10, it nevertheless asks this Court to disregard binding U.S. Supreme Court precedent and effectively declare that precedent unconstitutional. This Court cannot do so. That action would defy the law of how and by whom Supreme Court precedent may be overruled. It also ignores the well-established rule that government actors are not required to enforce statutes that are unconstitutional or of doubtful constitutional validity.

As Defendants demonstrated in their Motion to Dismiss, precedent by the Supreme Court and other Federal Courts in Texas makes clear that Plaintiff's claims lack any firm legal foundation. This Court should apply controlling U.S. Supreme Court authority, grant Defendants' Motion to Dismiss, and enter a final judgment dismissing Plaintiff's claims in their entirety.

**I.** *Stone v. Graham* **remains binding precedent for this Court to follow.**

Plaintiff attempts to denigrate the binding U.S. Supreme Court precedent of *Stone v. Graham*, 449 U.S. 39 (1980). Plaintiff essentially argues that because *Lemon v. Kurtzman*—one of the authorities on which *Stone* relied—has been overruled, *Stone* holds no active place in American jurisprudence. That argument is simply incorrect.

"It is [the Supreme] Court's prerogative alone to overrule one of its precedents." *Bosse v. Oklahoma*, 580 U.S. 1, 3 (2016) (quoting *United States v. Hatter*, 532 U.S. 557, 567 (2001)). This is true even where "changes in judicial doctrine ha[ve] significantly undermined the prior holding." *Hatter*, 532 U.S. at 567. Furthermore, when a Supreme Court precedent "has direct application in a case yet appears to rest on reasons rejected in some other line of decisions,

the Court of Appeals should follow the case which directly controls." *Rodriguez de Quijas v. Shearson/Am. Exp. Inc.*, 490 U.S. 477, 484 (1989).

There is no dispute that *Lemon* has been overruled. *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 534 (2022). It does not follow, however, that this Court may treat *Stone* as having been overruled by implication. In *Kennedy*, the Supreme Court did not overrule *Stone*, let alone mention it.

When the Supreme Court overturns longstanding precedent, it does so expressly—particularly in recent years. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) ("*Chevron* is overruled."); *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 231 (2022) ("We hold that *Roe* and *Casey* must be overruled."); *Franchise Tax Bd. of Cal. v. Hyatt*, 587 U.S. 230, 236 (2019) ("We therefore overrule *Hall*…"); *Montejo v. Louisiana*, 556 U.S. 778, 797 (2009) ("*Michigan v. Jackson* should be and now is overruled."); *Lawrence v. Texas*, 539 U.S. 558, 578 (2003) ("*Bowers* was not correct when it was decided, and it is not correct today. It ought not to remain binding precedent. *Bowers v. Hardwick* should be and now is overruled.").

The Supreme Court has issued no such clear directive with respect to *Stone*. Until it does, *Stone* remains binding precedent that this Court is obligated to follow—and that the Trustees were obligated to follow.

In a twist of irony, Plaintiff excitedly quotes Justice Scalia's flowery language comparing *Lemon* to "some ghoul in a late-night horror movie." *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384, 398 (1993) (Scalia, J., concurring in the judgment). However, Scalia only concurred *in the judgment*—he did not join the majority opinion in *Lamb's Chapel*. *See id.* at 399–400 ("I . . . therefore cannot join the opinion of the Court today."). The majority

3

opinion—which actually declared what the law was—acknowledged Scalia's "evening at the cinema" but "return[ed] to the reality that there is a proper way to inter an established decision." *Id.* at 395 n.7.  In other words, the Supreme Court must *clearly* overrule its own precedent.  It does not just chip away at it and expect lower courts to pinpoint the time of death.  "[T]he state courts and other federal courts have a constitutional obligation to follow a precedent of this Court unless and until it is overruled by this Court." *Ramos v. Louisiana*, 590 U.S. 83, 124 n.5 (2020) (Kavanaugh, J., concurring in part).

Plaintiff asks this Court to recklessly predict that *Stone* has been overruled, without the benefit of any such pronouncement from the Supreme Court. That would be the wrong approach.  Just because Plaintiff wants *Stone* overruled—and may genuinely believe that *Stone* will one day be overruled—it cannot put the proverbial cart before the horse. Nor can it credibly ask this Court to do the same.

In an extreme use of bracketing, Plaintiff directs the Court's attention to an out-of-circuit footnote that "it is now clear that *Lemon* and its ilk[, i.e., *Stone*] are not good law." Dkt. 11 at 11 (significantly expanding an otherwise innocuous statement in *Firewalker-Fields v. Lee*, 58 F.4th 104, 121 n.5 (4th Cir. 2023)).  The *Firewalker-Fields* Court does not even mention *Stone* or the Ten Commandments. With a straight face, Plaintiff tells this Court that the Fourth Circuit, in so many words, stated that the Supreme Court overruled *Stone*. Under Plaintiff's logic, every case that has ever partly relied on *Lemon* is dead.  This argument is unpersuasive.

Because of *Lemon*'s demise, it is arguable that "changes in judicial doctrine ha[ve] significantly undermined the prior holding" in *Stone*. *Hatter*, 532 U.S. at 567.  But this is exactly

4

the situation where the Supreme Court has instructed lower courts to "follow the case which directly controls." *Rodriguez de Quijas*, 490 U.S. at 484.

*Stone* directly controls this case because the similarities between the facts there and here are undeniable. Both statutes concern (1) the posting of the Ten Commandments in state public school classrooms; (2) posters with minimum size requirements; (3) posters with minimum text readability requirements; (4) private financing of the posters; (5) mandatory implementation by the school receiving the posters; and (6) the lack of integration of the Ten Commandments into an educational curriculum. *See Roake v. Brumley*, 141 F.4th 614, 642–43 (5th Cir. 2025) (comparing nearly identical Louisiana statute with Kentucky statute in *Stone*), *vacated by* 154 F.4th 329 (5th Cir. 2025) (ordering en banc oral argument, now set for January 20, 2026). Accordingly, the Court must not only consider *Stone* but apply *Stone* to the facts of this case.

Just as the Supreme Court in *Stone* struck down the Kentucky statute, S.B. 10 must likewise be struck down. Because the unconstitutional S.B. 10 is the sole basis of Plaintiff's ultra vires and declaratory judgment claims against Defendants, those claims necessarily fail and must be dismissed.

## II.    Plaintiff's reliance on *Van Orden* is undermined by *Van Orden* itself.

In *Van Orden v. Perry*, the U.S. Supreme Court upheld the placement of a Ten Commandments monument on the Texas Capitol grounds. *See* 545 U.S. 677, 691 (2005). Critical to that holding, however, was the Court's express distinction between the monument at issue and the classroom postings invalidated in *Stone*. The Court emphasized that the Capitol monument was a "far more passive use of [the Ten Commandments] than was the case in

*Stone*, where the text confronted elementary school students every day." *Id.* at 691. In effect, *Van Orden* justified its outcome by distinguishing—rather than diminishing—*Stone*.

*Van Orden* is not more alive than *Stone* merely because *Van Orden* did not rely on *Lemon* while *Stone* did. Lower courts remain bound to follow Supreme Court precedent even if it has been "significantly undermined" by "changes in judicial doctrine." *Hatter*, 532 U.S. at 567. Nothing in *Van Orden* repudiates *Stone*'s holding or analysis. To the contrary, *Van Orden* reaffirmed *Stone*'s continued vitality by treating it as controlling precedent in materially distinct factual circumstances.

### III. Plaintiff continues to ignore the Supremacy Clause of the U.S. Constitution.

It goes without saying that the United States Constitution is "the supreme Law of the Land." U.S. CONST. art. VI, cl. 2. Plaintiff's argument fails to account for this fundamental principle. By urging this Court to disregard *Stone*, Plaintiff implicitly underscores that, under controlling precedent, S.B. 10 is unconstitutional. Plaintiff's position further confirms why this case properly belongs in federal court: resolving Plaintiff's claims requires determining whether the Trustees acted within their legal authority in delaying compliance with S.B. 10. If, as Plaintiff contends, "the constitutionality of S.B. 10 has not been determined," then Defendants' Motion to Dismiss should be granted. *See Alexander v. Johnson*, 217 F. Supp. 2d 780, 802 (S.D. Tex. 2001) ("An unconstitutional statute is stillborn." (quotation omitted)).

### IV. The Trustees acted within their lawful authority.

The Defendant Trustees did not exceed their authority in voting to delay the posting of the Ten Commandments in Galveston schools. To the contrary, the Trustees acted well within their discretion in interpreting federal law consistent with the Texas Education Code

6

and Galveston ISD Board Policies, which grant the Trustees "final authority to determine and interpret the policies that govern the schools and, subject to the mandates and limits imposed by state and federal authorities, [to exercise] complete and full control of the District." *See* Exhibit 3.[1]

Additionally, a school district—like any other governmental entity or private business—acts in its own interests. School district trustees are duty-bound to act in the school district's best interests. *See* TEX. EDUC. CODE § 11.151(a); TEX. CONST. art. XVI, § 1(a). Unsurprisingly, one of those interests is to avoid litigation, even in a situation where the Attorney General promises to represent the school district against surefire litigation. *See* TEX. EDUC. CODE § 1.0041(g). By delaying implementation of S.B. 10 pending a determination of its constitutionality, the Trustees exercised their judgment responsibly, safeguarding the district and the rights of students and staff.

Because the Trustees acted within their lawful authority and in accordance with both state and federal law, they are entitled to immunity from Plaintiff's claims.

Finally, Plaintiff points out that "statutes are presumed to be constitutional," and "whether a law is unconstitutional is a question of law." *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 87 (Tex. 2015). Defendants do not disagree. However, by voting to postpone implementation of S.B. 10 pending determination of S.B. 10's constitutionality, the Trustees did not "simply decide for themselves" that S.B. 10 is unconstitutional. *See* Dkt. 11 at 16. Rather, the Trustees acted prudently to await the Fifth Circuit's decision regarding

---

[1] Exhibit 3 attached to this Reply is the exhibit that Galveston's ISD cited in its Motion to Dismiss and takes the place of Exhibit 1 in the Motion to Dismiss. Here, Defendants quote the same sentence of the exhibit as they did in the Motion to Dismiss.

S.B. 10's validity. *See* Dkt. 1-1 at 6–8. But on the day of the Board's vote and today, *Stone* is the law of the land, regardless of any state statute contradicting *Stone*.

## V. Plaintiff does not contend with the argument that the ultra vires claims against Galveston ISD must be dismissed.

Plaintiff's ultra vires claims against Galveston ISD should also be dismissed because a governmental entity is not proper a party to ultra vires claim. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009). Plaintiff does not address this argument in response to Defendants' Motion to Dismiss. Given the settled state of the law, and Plaintiff's apparent concession, the claim against Galveston ISD must be dismissed.

## CONCLUSION AND PRAYER

For these reasons, Defendants request that the Court grant their Motion to Dismiss (Dkt. 5), dismiss Plaintiff's claims, and enter a final judgment closing this case.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ *Celena C. Vinson*
Celena C. Vinson, Attorney-in-Charge
State Bar No. 24037651
Southern District of Texas No. 2220428
cvinson@thompsonhorton.com
Stephanie A. Hamm
State Bar No. 24069841
Southern District of Texas No. 108779
shamm@thompsonhorton.com
Phillip Ericksen
State Bar No. 24137378
Southern District of Texas No. 3896037
pericksen@thompsonhorton.com


3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6742
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANTS GALVESTON ISD, ANTHONY BROWN, JOHNNY SMECCA, ELIZABETH BEETON, DAVID H. O'NEAL, JR., ANN MASEL, MINDY LAKIN, AND JUSTIN TUCKER**

## CERTIFICATE OF SERVICE

On January 12, 2026, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically using the CM/ECF filing system.

/s/ *Celena C. Vinson*
Celena C. Vinson

4918-8653-0183, v. 1