United States District Court
Southern District of Texas
**ENTERED**
July 10, 2026
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:25-cv-378

STATE OF TEXAS, *PLAINTIFF*,

v.

GALVESTON INDEPENDENT SCHOOL DISTRICT, *ET AL.*, *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is the plaintiff's motion to remand, Dkt. 4, and the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6), Dkt. 5. The court will grant the plaintiff's motion to remand and deny as moot the defendants' motion to dismiss. Dkts. 4, 5.

## I.    Factual and Procedural Background

On November 7, 2025, the plaintiff sued the Galveston Independent School District ("GISD") and members of GISD's Board of Trustees in the 122nd Judicial District Court of Galveston County asserting claims under the ultra vires doctrine and the Texas Declaratory Judgments Act. *See generally* Dkt. 1-1. The plaintiff alleged that the defendants willingly violated Texas Senate Bill 10

("SB 10"), which requires elementary and secondary public schools in Texas to display the Ten Commandments in their classrooms. *Id.*

On November 20, 2025, the defendants removed the case to federal court based on federal-question jurisdiction and sought to dismiss the case under Fed. R. Civ. P. 12(b)(1) and (b)(6). Dkts. 1, 5. The plaintiff now seeks to remand the case for lack of subject-matter jurisdiction. Dkt. 4.

For the reasons below, the court grants the plaintiff's motion to remand, Dkt. 4, and denies as moot the defendants' motion to dismiss, Dkt. 5.

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction" and "must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* The law authorizes removal only where original jurisdiction already exists—whether based on federal question or diversity of citizenship. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 1331 (federal-question jurisdiction), 1332 (diversity-of-citizenship jurisdiction).

The Supreme Court has explained that for purposes of determining federal-question jurisdiction, a case "arises under" federal law in two ways. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). First, federal-question jurisdiction exists when "federal law creates the cause of action asserted." *Id.* But when state

law, rather than federal law, supplies the plaintiff's cause of action, "arising under" jurisdiction may exist only in a "special and small category" of cases in which state-law claims turn on questions of federal law. *Id.* at 258.

The Supreme Court has instructed that "federal jurisdiction over a state-law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Because the Supreme Court first articulated the four parts of this inquiry in the *Grable* case, they are referred to as "the *Grable* factors."

## III.  Analysis

The only issue at this point is whether this court has jurisdiction. The defendants aver that federal-question jurisdiction exists because the plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law," which is whether SB 10 is constitutional. Dkt. 1 ¶¶ 6, 8. The plaintiff responds that "there is simply nothing federal on the face of this complaint." Dkt. 4 at 2. The court agrees with the plaintiff.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quotations omitted). The plaintiff's cause of action against the defendants is a purely state-law claim made pursuant to the ultra vires doctrine and the Texas Declaratory Judgments Act for allegedly failing to display the Ten Commandments per SB 10. Dkts. 1-1 ¶¶ 18–22, 4 at 5–6.

Because the plaintiff's complaint does not include a federal cause of action, the court must determine whether it falls into the "special and small category" of cases in which the state-law claims necessarily turn on questions of federal law. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). To do so, the court must apply the *Grable* factors.

### A. "Necessarily Raised"

The first factor is whether a federal issue is "necessarily raised." *Id.* The court agrees with the plaintiff that the complaint does not necessarily raise a federal issue. At its core, the dispute revolves around the defendants' alleged violation of SB 10— a state law. Dkt. 1-1 ¶¶ 18–22. The plaintiff did not frame its allegations in terms of federal law, nor did the plaintiff rely on federal law to raise or sustain its claims. The complaint makes "no explicit mention of any specific federal statute or regulation." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001). Instead, the defendants argue that the success of the plaintiff's claim depends on the legal interpretation and constitutionality of SB 10 itself. Dkt. 10 at 7.

The problem with the defendants' argument is that it raises a federal-law defense to a state-law cause of action. The Supreme Court has established that a federal defense against a state-law claim cannot confer federal jurisdiction, even when the defense is anticipated and the plaintiff refers to the defense in its complaint. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "Although such allegations show that very likely, in the course of litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." *Louisville Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Because an issue of federal-law is not raised in the plaintiff's complaint—and is instead asserted as a defense—a federal question is not necessarily raised. Therefore, the first *Grable* factor is not satisfied.

### B. "Actually Disputed"

The second factor, whether a federal issue is "actually disputed," is not satisfied either. As established above, an affirmative defense premised on a federal issue, like the one the defendants present, does not provide a basis for federal-question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the

plaintiff's complaint."). Because the plaintiff only alleges that the defendants violated a *state* law, Dkt. 1-1 ¶¶ 18–22, there is no federal issue in dispute.

### C. "Substantial"

As to the third factor, whether a federal issue is "substantial," the court must look to assess "the importance of the issue to the federal system as a whole," not merely whether the federal issue is important "to the plaintiff's case and to the parties before it." *Gunn v. Minton*, 568 U.S. 251, 260 (2013).

Here, the defendants fail to assert why the decision of a Texas state court, in ruling whether or not the defendants violated SB 10, would weigh heavily on "the federal system as a whole." *Id*. That is because it would not. Therefore, the third *Grable* factor is not satisfied either.

### D. "The Federal-State Balance"

Finally, because the plaintiff's complaint does not "necessarily raise a federal issue" that is "actually disputed" or "substantial," entertaining it would disturb the "congressionally approved balance of federal and state judicial responsibilities." *Id*. at 258. Thus, the fourth *Grable* factor also weighs in favor of remand.

Without more, the court lacks subject-matter jurisdiction over this case because no federal question exists.

\*    \*    \*

For the foregoing reasons, the court grants the plaintiff's motion to remand for lack of subject-matter jurisdiction. Dkt. 4. The Clerk of the Court is directed to remand this case to the 122nd Judicial District Court of Galveston County. The court further denies as moot the defendants' motion to dismiss under Rules 12(b)(1) and (b)(6). Dkt. 5.

Signed on Galveston Island this 10th day of July, 2026.

_____

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE